**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

**TRAVONN BURTONS,**

    **Petitioner,**

    v.                                                        **No. 4:21-cv-935-P**

**WARDEN, FMC-Fort Worth,**

    **Respondent.**

**OPINION & ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Travonn Burtons, a federal prisoner confined at FMC-Fort Worth, against Michael Carr, warden of FMC-Fort Worth, Respondent. After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for failure to exhaust administrative remedies.

**FACTUAL & PROCEDURAL BACKGROUND**

Petitioner is serving a total 180-month term of imprisonment for his 2013 conviction in the United States District Court for the Western District of Oklahoma for felon in possession of a firearm and ammunition. J., United States v. Burtons, No. 5:11-cr-00126-R, ECF No. 88. His projected release date is March 22, 2024. Resp't's Resp. 1, ECF No. 10. By way of this petition, he seeks to have the Bureau of Prisons (BOP) immediately apply his earned time credits, "namely his welding hours," under the First Step Act of 2018 (FSA). Pet. 5, ECF No.1. Respondent asserts that the petition should be dismissed because Petitioner

failed to exhaust his administrative remedies or, in the alternative, that relief should be denied because the BOP is not obligated to award FSA time credits to inmates that successfully complete designated and assigned activities and programs until January 15, 2022. Resp't's Resp. 1, ECF No. 10.

## ANALYSIS

### A. The First Step Act

The FSA, enacted on December 21, 2018, provides, among other things, for a system allowing eligible prisoners to earn time credits toward time in pre-release custody or supervised release for successfully completing evidence-based recidivism reduction programming or productive activities. 18 U.S.C. § 3632(d)(4)(A). Under the FSA, the Attorney General was charged with creating a new risk and needs assessment system, entitled "Prisoner Assessment Tool Targeting Estimated Risk and Needs" (PATTERN), to assess the recidivism risk of each prisoner and assign appropriate programing and activities to him based on various factors. *See* U.S. DEP'T OF JUSTICE, OFF. OF THE ATT'Y GEN., The First Step Act of 2018: Risk and Needs Assessment System (July 19, 2019), https://www.nij.gov/documents/the-first-step-act-of-2018-risk-and-needs-assessment-system.pdf. Although the FSA required the BOP to "begin to assign prisoners to the appropriate evidence-based recidivism reduction programs based on that determination" and "begin to expand the effective evidence-based recidivism reduction programs and productive activities it offers" by January 15, 2020, the FSA provides for a two-year phase-in period, or until January 15,

2

2022, for the BOP to "provide such evidence-based recidivism reduction programs and productive activities to all prisoners." 18 U.S.C. § 3621(h)(2). Furthermore, the BOP has determined that FSA time credits "may only be earned for completion of assigned programs and activities authorized by BOP and successfully completed on or after January 15, 2020." *See* U.S. DEP'T OF JUSTICE, FED. BUR. OF PRISONS, https://www.bop.gov/inmates/fsa/faq.jsp#fsa_time_credits. Prisoners that successfully complete their assigned programs and activities "shall earn 10 days of time credits for every 30 days of successful participation." 18 U.S.C. § 3632(d)(4)(A). Additionally, a prisoner determined "to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." *Id.* § 3632(d)(4)(A)(ii).

**B. Exhaustion**

Federal prisoners must exhaust administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241. *Fuller v. Rich,* 11 F.3d 61, 62 (5th Cir. 1994). Judicial enforcement of the administrative-exhaustion requirement promotes judicial efficiency and conserves scarce judicial resources, allows the agency time to develop the necessary factual background and apply its specific expertise, and discourages the deliberate flouting of the administrative process. *McKart v. United States,* 395 U.S. 185, 193–95 (1969).

The administrative-remedy procedure for federal prisoners is provided at 28 C.F.R. §§ 542.10–542.18. *See United States v. Wilson,* 503 U.S. 329, 335 (1992). Under this administrative procedure, if informal resolution fails, the inmate must pursue a three-level process within the prescribed time intervals. Typically, the inmate must formally appeal to the Warden, via a Request for Administrative Remedy, commonly referred to as a BP-9; then to the Regional Director, via a form commonly referred to as a BP-10; and finally to the Office of General Counsel, via a form commonly referred to as a BP-11. Administrative remedies have not been exhausted until the inmate's claim has been filed at all levels and has been denied at all levels. *See* 28 C.F.R. § 542.15; *Rourke v. Thompson,* 11 F.3d 47, 49 (5th Cir. 1993). Exceptions to the exhaustion requirement apply only in "extraordinary circumstances" when administrative remedies are "unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Fuller,* 11 F.3d at 62. The petitioner bears the burden of demonstrating such circumstances. *Id.*

Petitioner concedes that he did not exhaust the administrative procedure but asserts that exhaustion would be futile and that his case "turns on statutory construction," thereby excusing exhaustion. Pet. 2, ECF No. 1. However, he fails to present any evidence that any attempt to exhaust the administrative procedure would, in fact, be futile. Furthermore, exhaustion of administrative remedies would serve to develop the relevant factual record as to any decisions the BOP may make unique to Petitioner's case, such as, among others, the

4

actual number of eligible days of credits he has accumulated, the number of days by which the credits reduce his sentence, and whether crediting him with those credits would make him eligible for immediate release to pre-release custody or supervised release. The overwhelming majority of other courts to have considered the issue have agreed that exhaustion of administrative remedies is required to assist in developing the relevant facts and legal issues. *See Hills v. Carr,* No. 4:21-cv-737-P, 2021 WL 4399771, at *4 (N.D. Tex. Sept. 27, 2021) (citing cases).

The overwhelming majority of courts to interpret the statutory framework have also agreed that the BOP is not required to apply earned time credits until the end of the phase-in period on January 15, 2022. *See id.* at *4 (citing cases). To resolve this issue, a court begins "with the text of the statute." *Permanent Mission of India to the United Nations v. City of New York,* 551 U.S. 193, 197 (2007).When faced with questions of statutory construction, a court must first determine whether the statutory text is plain and unambiguous and, if it is, the court must apply the statute according to its terms. *Carcieri v. Salazar,* 555 U.S. 379, 387 (2009).

18 U.S.C. § 3621(h) provides that "[d]uring the 2-year period described in paragraph (2)(A), the priority for such programs and activities shall be accorded based on a prisoner's proximity to release date." 18 U.S.C. § 3621(h)(3). The statute further provides that "[b]eginning on the date of enactment of this subsection, the Bureau of Prisons may begin to expand any evidence-based recidivism production programs and productive activities that

5

exist at a prison as of such date, and *may* offer to prisoners who successfully participate in such programs and activities the incentives and rewards described in subchapter D." *Id.* § 3621(h)(4) (emphasis added).

The language of § 3621(h)(4) indicates that the BOP has discretion, but is not required, to provide the programs and incentives during the phase-in period. 18 U.S.C. § 3621(h)(4). Nothing stated in the statutes directs the BOP to award earned time credits prior to January 15, 2022. The statute's use of "may" makes the BOP's decision to offer prisoners incentives and awards (including awarding time credits) before January 15, 2022, purely discretionary. Thus, the BOP is not obligated to award time credits to those who successfully complete the assigned programs and activities prior to January 15, 2022. Because the BOP has not completed the 2-year implementation phase, Petitioner's request for relief is premature and not yet ripe. *See Norman v. Carr,* No. 4:21-cv-586-P, 2021 WL 5086561, at *2 (N.D. Tex. Nov. 2, 2021) (citing cases).

Nevertheless, because Petitioner failed to exhaust his administrative remedies, or demonstrate the futility of exhaustion, his petition should be dismissed so that issues unrelated to the statutory interpretation can be further developed in the administrative process.

## CONCLUSION

For the reasons discussed, the Court **DISMISSES** Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice for failure to exhaust

6

administrative remedies.

**SO ORDERED** on this **22nd day** of **December, 2021.**

_/s/ Mark T. Pittman_
Mark T. Pittman
UNITED STATES DISTRICT JUDGE